# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGE GUNN and SUE GUNN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 22-cv-00439-KD-C |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court for issuance of a report and recommendation on State Farm Fire and Casualty Company's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 10) ("Motion to Dismiss"), which was not opposed by Plaintiffs. The Court has considered the documents which have been filed in this case. Upon consideration of the foregoing, it is recommended that State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss be granted.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiffs, George and Sue Gunn, filed the original complaint, in the Circuit Court of Baldwin County on October 4, 2022, and accomplished service of State Farm on October 7, 2022. Plaintiffs filed their First Amended Complaint on October 27, 2022, which added claims against Dover Bay Specialty Insurance Company ("Dover Bay"). In the factual allegations, Plaintiffs generally allege that "Defendants" sold Plaintiffs a homeowners' insurance policy. However, the clams, which are for breach of contract, bad faith-failure to pay and bad faith-failure to investigate, are only alleged against Dover Bay. Plaintiffs allege that Dover Bay insured the property; breached

the contract of insurance; and, acted in bad faith. (Doc. 1-2; PageID#49-51). Plaintiffs do not allege any claims against State Farm.

On November 3, 2022, State Farm and Dover Bay removed the case to this Court. (Notice of Removal, Doc. 1.) State Farm filed its Motion to Dismiss on November 4, 2022, asserting that State Farm was due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs fail to state a claim against State Farm upon which relief can be granted. (Doc. 10). The Court entered an Endorsed Order on November 7, 2022, allowing the Plaintiffs until November 21, 2022 to respond to the Motion to Dismiss. (Doc. 11). No response was filed.

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the Plaintiffs, "accepting all well-pleaded facts that are alleged therein to be true." *E.g., Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." *Id*. (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage, … the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim.'" *Id*. (quoting Twombly, 550 U.S. at 556).

### III. ANALYSIS

Accepting the facts in Plaintiffs' First Amended Complaint as true, Plaintiffs purchased a contract of insurance on their residence from Dover Bay that was in effect on September 16, 2020 when their residence was damaged by a storm. Plaintiffs further allege that Dover Bay breached the contract of insurance and acted in bad faith by failing to investigate and pay Plaintiffs' claim under the insurance policy. (Doc. 1-2; PageID#49-51). Plaintiffs' First Amended Complaint fails to set forth a short and plain statement of any claim Plaintiffs assert against State Farm to give State Farm notice of what the claim is or the grounds upon which any claim rests. Plaintiffs have not sought leave for an additional opportunity to amend the Complaint which convinces the undersigned that no viable claim exists to be asserted.

### IV. CONCLUSION

For the obvious failure to state a claim against State Farm as discussed herein and without an opposing view expressed by the Plaintiffs, it is recommended that State Farm's Motion to Dismiss be **GRANTED** and State Farm be **DISMISSED** with prejudice.

#### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

3

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this 19th day of January, 2023.

                                              s/WILLIAM E. CASSADY
                                              UNITED STATES MAGISTRATE JUDGE