IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE GUNN**, *et al.*,<br>       **Plaintiffs,** | )<br>)<br>) |
| v. | )   CIVIL ACTION 1:22-00439-KD-C |
| | ) |
| **DOVER BAY SPECIALTY INS. CO.**, et al.,<br>       **Defendants.** | )<br>) |

**ORDER**

This matter is before the Court on "Plaintiffs' Motion for Leave to Amend Complaint" which moves for leave to amend the First Amended Complaint to file a Second Amended Complaint limiting the scope of Count One (to breach of contract only as to Coverage B/Personal Property) and dismissing Counts Two and Three (bad faith), including a proposed Second Amended Complaint. (Doc. 29).

On October 4, 2022, Plaintiffs filed a Complaint against Defendant State Farm Fire & Casualty Company and initiated this litigation in the Circuit Court of Baldwin County, Alabama, 05-CV-2022-901077.00. (Doc. 1-2 at 7). On October 27, 2022, Plaintiffs filed a First Amended Complaint adding Defendant Dover Bay Specialty Insurance Company (Id. at 57). On November 4, 2022, the Defendants filed a Notice of Removal to remove the case to this Court. (Doc. 1). On November 4, 2022, Defendant Dover Bay Specialty Insurance Company filed its Answer. (Doc. 9). On February 7, 2023, Defendant State Farm Fire & Casualty Company was dismissed from this case. (Doc. 17). On October 5, 2023, Plaintiffs filed an unopposed motion for leave to amend the First Amended Complaint with a proposed Second Amended Complaint. (Doc. 29).

At this stage in the litigation, the ability to amend under Federal Rule of Civil Procedure 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for Plaintiffs' amendment. Absent

Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

While there is no written consent filed by Defendants, Plaintiffs' motion indicates that the Defendants do not oppose the requested amendment. (Doc. 29 at 1). Additionally, upon consideration of the relevant factors, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the Defendants via the amendment, and/or futility. As stated *supra*, the Court is instructed to "freely give leave" to amend "when justice so requires" and when there is not "a substantial reason" to deny same. Upon consideration, it is **ORDERED** that Plaintiffs' unopposed motion for leave to amend the Complaint and file a Second Amended Complaint (Doc. 29) is **GRANTED.**

**DONE** and **ORDERED** this the **16th** day of **October 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**